IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IMMIGRATION REFORM LAW INSTITUTE<br>25 Massachusetts Ave., NW, Suite 335<br>Washington, DC 20001,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT<br>500 12th St., SW<br>Washington, DC 20024,<br><br>    Defendant. | Civil Action No. |

## COMPLAINT

Plaintiff Immigration Reform Law Institute ("IRLI") brings this action for injunctive and other appropriate relief against United States Immigration and Customs Enforcement ("ICE") to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff alleges the following grounds:

## JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(A)(vii), 552(a)(4)(B), 552(a)(6)(C)(i) and 28 U.S.C. § 1331. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

2. Plaintiff IRLI ("Plaintiff") is a non-profit public-interest legal organization organized under the laws of the District of Columbia and having its principal place of business at 25 Massachusetts Ave., NW, Suite 335, Washington, DC 20001. Plaintiff advocates for responsible immigration policies in court, before administrative agencies, and before legislative bodies on behalf of the American people, serving as a watchdog to safeguard against abuses of power and holding the nation's leaders accountable for enforcing the nation's immigration laws. Plaintiff also seeks to educate the citizenry on and increase public awareness of immigration issues. In furtherance of its public-interest mission, Plaintiff regularly requests access to the records of federal agencies and widely disseminates its findings to the public.

3. Defendant ICE ("Defendant") is a component of the United States Department of Homeland Security ("DHS"), established within the Executive Branch of the United States Government, and is headquartered at 500 12th St., SW, Washington, DC 20024. Defendant is an agency within the meaning of 5 U.S.C. § 552(f)(1). Defendant has possession, custody, and control of certain public records to which Plaintiff seeks access.

## STATUTORY FRAMEWORK

4. FOIA requires federal agencies, upon request, to make agency records "promptly available to any person." 5 U.S.C. § 552(a)(3)(A).

5. An agency is required to determine whether to comply with a FOIA request within twenty (20) business days of receiving the request and "shall immediately notify the person making such request of such determination and the reasons therefor." 5 U.S.C. § 552(a)(6)(A)(i).

6. In order for an agency's response to constitute a "determination" within the meaning of FOIA, an agency must: i) gather and review the documents; ii) determine and communicate the scope of the documents it intends to produce or withhold, and the reasons for withholding any documents; and iii) inform the requester that it can appeal whatever portion of the "determination" is adverse. *See Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180, 186-88 (D.C. Cir. 2013).

7. Although "a 'determination' does not require actual production of the records to the requester at the exact same time that the 'determination' is communicated to the requester," it "must be more than just an initial statement that the agency will generally comply with a FOIA request and will produce non-exempt documents and claim exemptions in the future." *Id.* at 188.

8. If an agency provides an adverse determination as to a FOIA request, the requester generally must first exhaust administrative remedies by filing an administrative appeal with the agency itself rather than being able to immediately file suit. *See Oglesby v. Dept. of the Army*, 920 F.2d 57 (D.C. Cir. 1990). Once the requester has filed an administrative appeal, the agency then has twenty (20) working days to decide the appeal or the requester may then bring suit. *See* 5 U.S.C. § 552(a)(6)(C)(i).

9. If, however, an agency does not provide a determination at all as to a FOIA request by the statutory deadline, the requester is deemed to have exhausted administrative remedies and may immediately pursue judicial review. *See* 5 U.S.C. §§ 552(a)(6)(C)(i), 552(a)(4)(B). Put another way, when an agency does not comply with FOIA's time limits, the requester can seek immediate judicial review despite not having filed an administrative appeal: courts refer to this as "constructive exhaustion." *Khine v. DHS*, 943 F.3d 959, 966 (D.C. Cir. 2019)(citations omitted).

10. While FOIA allows agencies to charge requesters search, review and duplication fees, and other fees as provided by statute, *see* 5 U.S.C. § 552(a)(4)(A)(vi), it also provides that "fees shall be limited to reasonable standard charges for document duplication when records are not sought for commercial use and the request is made by … a representative of the news media". 5 U.S.C. § 552(a)(4)(A)(ii)(II).

11. FOIA defines "representative of the news media" in pertinent part as "any person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience." 5 U.S.C. § 552(a)(4)(A)(ii). *See also Cause of Action v. FTC*, 799 F.3d 1108, 1120 (D.C. Cir. 2015) (explaining that the definition "is readily severable into five criteria that a requester must satisfy to qualify as a 'representative of the news media.' A requester must: (1) gather information of potential interest (2) to a segment of the public; (3) use its editorial skills to turn the raw materials into a distinct work; and (4) distribute that work (5) to an audience.")

12. An agency's failure to make a determination as to the issue of fees or fee waivers within the statute's time limits generally bars the agency from assessing fees. *See* 5 U.S.C. §§ 552(a)(4)(A)(viii)(I) and 552(a)(4)(A)(viii)(II)(aa); *Bensman v. Nat'l Park Serv.*, 806 F.Supp.2d 31 (D.D.C. 2011). In such cases, agency fees may only be charged to a requester if a court determines that "exceptional circumstances exist." 5 U.S.C. § 552(a)(4)(A)(viii)(II)(cc).

13. Finally, FOIA authorizes a court to "assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). The statute provides that "a complainant has substantially prevailed if the complainant has obtained relief through either—(I) a judicial order, or an enforceable written agreement or consent decree; or

(II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii). While a *pro se* non-attorney plaintiff may not recover attorney fees, *see Benavides v. Bureau of Prisons*, 993 F.2d 257 (D.C. Cir. 1993), a law firm representing itself is eligible for an award of attorney fees. *See Baker & Hostetler LLP v. Dept. of Commerce*, 473 F.3d 312 (D.C. Cir. 2006).

## STATEMENT OF FACTS

14. The United States has been a member of the International Criminal Police Organization ("INTERPOL") since 1938. *See* 22 U.S.C. § 263a, 52 Stat. 640 (Pub. L. 85-768).

15. INTERPOL issues "Red Notices" which the organization describes in pertinent part on its website as:

> Criminals can flee to another country to try to evade justice. A Red Notice alerts police worldwide about internationally wanted fugitives. …
>
> A Red Notice is a request to law enforcement worldwide to locate and provisionally arrest a person pending extradition, surrender, or similar legal action. It is based on an arrest warrant or court order issued by the judicial authorities in the requesting country. Member countries apply their own laws in deciding whether to arrest a person. …
>
> Red Notices are important because they are used to simultaneously alert police in all our member countries about internationally wanted fugitives. …
>
> Red Notices are issued for fugitives wanted either for prosecution or to serve a sentence in relation to serious ordinary law crimes such as murder, rape and fraud. This follows criminal proceedings in the country issuing the request. …

INTERPOL, *Red Notices*, https://www.interpol.int/en/How-we-work/Notices/Red-Notices (last visited May 14, 2024).

16. The Department of Justice describes INTERPOL Red Notices as "the closest instrument to an international arrest warrant in use today." Department of Justice, *Criminal*


*Resource Manual* § 611, https://www.justice.gov/archives/jm/criminal-resource-manual-611-interpol-red-notices.

17. As of the date of this Complaint, INTERPOL indicates on its website that 6797 Red Notices are currently public and in circulation: they are overwhelmingly for violent crimes (including terrorism, homicide, robbery and arson), sex crimes, human trafficking or drug trafficking. *See* INTERPOL, *View Red Notices*, https://www.interpol.int/en/How-we-work/Notices/Red-Notices/View-Red-Notices (last visited May 14, 2024).

18. On September 29, 2023, Defendant issued a press release purporting to update "guidance" for its personnel in relying on Red Notices. *See* Immigration and Customs Enforcement, *ICE updates guidance for use of INTERPOL Red Notices during law enforcement actions* (Sept. 29, 2023), https://www.ice.gov/news/releases/ice-updates-guidance-use-interpol-red-notices-during-law-enforcement-actions.

19. Defendant's press release cited the heretofore-unknown (at least to Plaintiff) "ICE Directive 15006.1" which "prohibits ICE personnel from relying exclusively on a Red Notice … to justify law enforcement actions or during immigration proceedings." *Id.*

20. Defendant's press release further quoted ICE Deputy Director and Senior Official Performing the Duties of the Director Patrick Lechleitner as saying, "[e]nhanced training, deeper scrutiny, and consistent adherence to this updated directive will further mitigate any potential abuse of these types of notices and diffusions, particularly in instances where a criminal record might be based on unsubstantiated or fabricated evidence." *Id.*

21. ICE Directive 15006.1 itself, which was apparently signed June 1, 2023, issued August 15, 2023 and took effect September 30, 2023, states in pertinent part as "Policy":

> ICE personnel will not rely exclusively on Red Notices … to justify enforcement actions or during immigration proceedings. If ICE personnel intend to rely on a Red Notice … to

6

help inform whether an enforcement action should be taken or during immigration proceedings, they should do so sparingly, and only if the threshold criteria have been met, as outlined in this Directive.

ICE Directive 15006.1, ¶ 2, https://www.ice.gov/doclib/foia/dro_policy_memos/15006.1_InterpolRedNoticesWpDiffusions.pdf

22. In short, Defendant's press release and the Directive it purports to inform the public about are all about requiring Defendant's personnel to rely on Red Notices less frequently, and in some cases not at all, with respect to some of the most dangerous and violent wanted fugitive criminals in the world.

23. ICE Directive 15006.1 does not appear to have been promulgated via notice-and-comment rulemaking under the Administrative Procedure Act ("APA"), 5 U.S.C. § 500 *et seq.*

24. ICE Directive 15006.1 cites as the only authorities for its issuance INTERPOL's Constitution, INTERPOL's Rules on the Processing of Data, and the statute by which the United States joined INTERPOL, 22 U.S.C. § 263a. *See* ICE Directive 15006.1, ¶ 7.

25. On October 12, 2023, seeking the origins of these apparent policy changes, Plaintiff submitted a FOIA request to Defendant requesting the following agency records:

> 1) All ICE employee emails that mention "Red Notice" alerts or "INTERPOL", from and including October 12, 2022 up to and including October 12, 2023. These emails can be limited to emails sent to or from: Patrick J. Lechleitner, Tae Johnson, Staci A. Barrera, Deborah Fleischaker, Corey A. Price, Katrina W. Berger, Susan Dunbar, Erik P. Breitzke, and Kerry E. Doyle.
>
> 2) All ICE employee emails that pertain to "ICE Directive 15006.1", from and including October 12, 2022 up to and including October 12, 2023. These emails can be limited to emails sent to or from: Patrick J. Lechleitner, Tae Johnson, Staci A. Barrera, Deborah Fleischaker, Corey A. Price, Katrina W. Berger, Susan Dunbar, Erik P. Breitzke, and Kerry E. Doyle.

26. Plaintiff received an email from Defendant dated November 9, 2023, acknowledging its receipt of Plaintiff's FOIA request and assigning the request the tracking

number 2024-ICFO-01681, but not making or providing any determination regarding the request or producing any records in response to the request.

27. Defendant's acknowledgment email invoked the ten-day extension period authorized by FOIA for agencies to make and provide determinations to requesters, pursuant to 5 U.S.C. § 552(a)(6)(B), thus extending its initial deadline from twenty (20) to thirty (30) working days from receipt.

28. Plaintiff received an email from Defendant dated November 28, 2023 requesting "clarification" of Plaintiff's FOIA request and stating in pertinent part:

> As ICE is a law enforcement agency with an international mission, the terms "Interpol" and/or "Red Notice" are likely to be contained in a high volume of emails/records that would be too burdensome for the agency to produce. ICE is requesting that you provide additional subject matter that would narrow the scope of the search; such as a specific operation/arrest, specific area of responsibility or geographical location, for example.
>
> Please provide the ICE FOIA office with a response as soon as possible to avoid any further delay in the processing of your request. If a response is not received within 30 days, your request will be administratively closed.

29. Plaintiff responded to Defendant's request for clarification by agreeing to drop the term "Interpol" from the search terms in Plaintiff's FOIA request.

30. After this, Defendant did not make or provide any determination regarding Plaintiff's FOIA request, produce any records in response to the request, or otherwise materially respond to the request or communicate with Plaintiff regarding the request.

31. Plaintiff emailed Defendant on April 11, 2024, inquiring as to the status of Plaintiff's FOIA request, but as of the date of this Complaint has received no response.

32. Plaintiff emailed Defendant on May 1, 2024, again inquiring as to the status of Plaintiff's FOIA request, but as of the date of this Complaint has received no response.

33. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i) and the ten-day extension under 5 U.S.C. § 552(a)(6)(B), Defendant was required to make a determination whether to comply with Plaintiff's FOIA request within thirty (30) working days after receipt and to notify Plaintiff immediately of its determination, the reasons therefor, and the right to appeal any adverse determination. Accordingly, Defendant's determination of Plaintiff's FOIA request was due by approximately December 26, 2023, at the latest.

34. As of the date of this Complaint—more than seven months after Plaintiff submitted its FOIA request to Defendant and more than four months after Defendant's determination of Plaintiff's FOIA request was due—Defendant has still failed to: (i) determine whether to comply with the request; (ii) notify Plaintiff of any such determination or the reasons for such determination; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce any of the requested records or otherwise demonstrate that the requested records are exempt from production.

35. Because Defendant has failed to comply with the time limits set forth in 5 U.S.C. §§ 552(a)(6)(A)(ii), 552(a)(6)(B) and 552(a)(6)(E)(iii) with respect to Plaintiff's FOIA request, Plaintiff is deemed to have exhausted any and all administrative remedies with respect to the request, pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

## COUNT I
### Violation of FOIA: Failure to Comply With Statutory Deadlines

36. Plaintiff realleges paragraphs 1 through 35 as if fully stated herein.

37. Defendant's failure to make and provide a determination regarding Plaintiff's request has violated and continues to violate the statutory deadlines imposed by FOIA, including the deadlines set forth in 5 U.S.C. §§ 552(a)(6)(A)(ii), 552(a)(6)(B) and 552(a)(6)(E)(iii).

## COUNT II
### Violation of FOIA: Unlawful Withholding of Agency Records

38. Plaintiff realleges paragraphs 1 through 37 as if fully stated herein.

39. Defendant has failed to make responsive records available to Plaintiff.

40. Defendant has unlawfully withheld any and all responsive agency records from Plaintiff and continues to do so.

41. As a result of Defendant's unlawful withholding, Plaintiff and the public have been denied access to agency records to which Plaintiff is lawfully entitled under FOIA, 5 U.S.C. § 552(a)(3)(A).

## COUNT III
### Violation of FOIA: Failure to Grant News Media Fee Status

42. Plaintiff realleges paragraphs 1 through 41 as if fully stated herein.

43. In its FOIA request, Plaintiff set forth facts and law in support of a determination that it is entitled to media requester fee status.

44. Defendant has failed to make a determination as to Plaintiff's media requester fee status.

45. Plaintiff is entitled to a determination that it is a media requester for fee waiver purposes as Defendant failed to comply with the time limits under 5 U.S.C. §§ 552(a)(6)(A)(ii) and 552(a)(6)(E)(iii). *See* 5 U.S.C. § 552(a)(4).

## COUNT IV
### Violation of FOIA: Failure to Grant a Fee Waiver

46. Plaintiff realleges paragraphs 1 through 45 as if fully stated herein.

47. In its FOIA request, Plaintiff set forth facts and law in support of a fee waiver.

48. Defendant has failed to make a determination on Plaintiff's fee waiver request.

49. Plaintiff is entitled to injunctive relief providing for a fee waiver in this matter as a consequence of Defendant's failure to make a determination on the fee waiver request.

50. Plaintiff is also entitled to a fee waiver in this matter as Defendant failed to comply with the time limits under 5 U.S.C. §§ 552(a)(6)(A)(ii), 552(a)(6)(B) and 552(a)(6)(E)(iii). *See* 5 U.S.C. § 552(a)(4)(A)(viii).

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(A) order Defendant to conduct a reasonable search for any and all agency records responsive to Plaintiff's FOIA request, and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request;

(B) order Defendant to produce, by a date certain, any and all non-exempt agency records responsive to Plaintiff's FOIA request and a detailed *Vaughn* index of any responsive agency records or portions of records withheld under claim of exemption;

(C) enjoin Defendant from continuing to withhold any and all non-exempt agency records responsive to Plaintiff's FOIA request;

(D) order Defendant to grant Plaintiff media requester status;

(E) order Defendant to grant Plaintiff a fee waiver;

(F) award Plaintiff its costs and reasonable attorneys' fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

(G) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  May 14, 2024

Respectfully submitted,

DAVID L. JAROSLAV, DC Bar No. 90021286
Email: djaroslav@irli.org
MATTHEW J. O'BRIEN, DC Bar No. 90012700
Email: mobrien@irli.org
Immigration Reform Law Institute (IRLI)
25 Massachusetts Ave., NW, Suite 335
Washington, DC 20001
Telephone: (202) 232-5590
FAX: (202) 464-3590